328 A.2d 166
**Charles J. MEYER et al., Appellants,**

**v.**

**Louis BOTTONE et al., Appellees.**

Supreme Court of Pennsylvania.

Argued Nov. 11, 1974.

Decided Nov. 15, 1974.

Anthony P. Baratta, Philadelphia, for appellants.

Howard J. Casper, Philadelphia, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROB-
ERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellants, certain members of Teamsters Union Local
107, sought to enjoin a scheduled election, to be conduct-
ed by mailed referendum ballot, of officers and business
agents of that Local. Appellants alleged that such an
election was impermissible under the Constitution and
Bylaws of the International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of America and
of Local 107. Following a hearing the Court of Com-
mon Pleas of Philadelphia County denied appellants'
request for a preliminary injunction. For the reasons
stated herein, we vacate the final decree of the court be-
low and dismiss the complaint.

Appellee, Local 107, argues that although the court be-
low was correct in deciding in favor of appellees on the
merits of appellants' case, that court should not have ex-
ercised jurisdiction initially in this matter. Without
commenting upon the court's decision on the merits we
agree with appellee's contention that jurisdiction should
not have been exercised.

While the state and federal courts may have concur-
rent jurisdiction *prior* to an election, *Mamula v. United
Steel Workers of America,* 409 Pa. 175, 185 A.2d 595
(1962) ; *Creed v. Atlantic Independent Union,* 61 D.·
& C.2d 209 (1973), in view of the clearly adequate feder-
al remedy *post* election, our state courts, in a case such
as this, should refrain from exercising their jurisdiction.
The federal Labor-Management Reporting and Disclo-
sure Act (Landrum-Griffin Act), 29 U.S.C. § 482, P.L.
86–257, Title IV, § 402, provides that the Secretary (of
Labor) shall, upon complaint, investigate and, in the
event of a violation, bring a civil action to set aside the

election. The Act also provides that a member may file a complaint alleging a violation of the organization's constitution and bylaws pertaining to the election of officers. Thus, appellants' claim is clearly within the scope of mandatory federal relief should a violation exist, and we can find no prejudice in holding that our state courts should choose not to exercise jurisdiction under these circumstances.

Accordingly, the final decree of the court below denying injunctive relief is vacated, the complaint is dismissed and the stay of proceedings ordered by this Court is terminated.

Costs occasioned by the stay granted by this Court on November 5, 1974, are to be borne by appellants in the amount certified to be due by the American Arbitration Association. Each party to pay own costs of appeal.